956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marlon Rundon THOMAS, Defendant-Appellant.
 No. 91-5605.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 11, 1992.
Decided March 9, 1992.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CR-90-167-MU)
 Joseph B. Cheshire, V, Cheshire, Parker, Hughes & Manning, Raleigh, N.C., Lyle J. Yurko, Charlotte, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Kenneth D. Bell, Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Marlon Thomas appeals from a district court order adopting the recommendation of the magistrate judge to deny Thomas's Motion to Suppress Evidence used to support Thomas's conviction for possession of over fifty grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1981). Thomas sought the suppression of crack cocaine found in his jacket during a police search at the airport and of statements he made to police after his arrest.
 
 
 2
 Initially, we reject Thomas's contention that Officer Sennett's observation of Thomas urinating in the airport restroom requires the suppression of evidence. Even were we to assume that Thomas possessed a privacy interest which was invaded, this assumption would not support the suppression of evidence in this case, since no incriminating discoveries resulted from Officer Sennett's observation of Thomas at a public urinal.
 
 
 3
 We also conclude, contrary to Thomas's assertions, that the encounter between Thomas and Charlotte police at the exit to the airport restroom did not evolve into a seizure under the Fourth Amendment. A person is seized within the meaning of the Fourth Amendment whenever there is "a show of official authority such that 'a reasonable person would have believed that he was not free to leave.' " Florida v. Royer, 460 U.S. 491, 502 (1983), quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980). This test is objective, not subjective. See United States v. Gordon, 895 F.2d 932 (4th Cir.1990), cert. denied, 111 S.Ct. 131 (1990). In determining whether a seizure occurred, this Court applies a clearly erroneous standard to the determination of the trial court. See United States v. Clark, 891 F.2d 501 (4th Cir.1989).
 
 
 4
 Thomas argues that a number of factors in this case contributed to the creation of a coercive atmosphere which led him to believe he was not free to leave. He notes the confining nature of the restroom, and claims that Officer Sennett "forced" him to stop and answer his questions by impeding his ability to exit the restroom. Thomas also points to Officer Sennett's decision to show his badge, and to question him without his traveling companion and in the presence of another officer as factors contributing to a coercive atmosphere.
 
 
 5
 We reject these claims. The magistrate judge found that Thomas was free to leave and that determination is supported by the record. The evidence at the suppression hearing showed that Officer Sennett did not talk to Thomas until he was out of the bathroom stall and that Thomas was not impeded from leaving the common area of the bathroom. Moreover, Thomas was repeatedly told throughout the encounter that he was not under arrest and was free to leave. Based on these facts, the district court was not clearly erroneous in accepting the finding of the magistrate judge that Thomas was not seized. United States v. Gordon, 895 F.2d at 938.
 
 
 6
 Regarding the search of Thomas's jacket, we find that Officer Sennett's testimony, which the magistrate judge found to be "wholly credible," supports the factual finding that Thomas consented to a search of his person and luggage. Contrary to Thomas's assertions, this consent extended to his jacket, since he was wearing the jacket at the time he gave his consent. The fact that police did not discover the drugs in the jacket until after removing it to facilitate the search did not require police to obtain Thomas's permission, again, to search the jacket. Moreover, Thomas cannot point to any evidence suggesting that Thomas did not consent to the search of the jacket. Under these circumstances, the district court's finding that Thomas consented to the search is not clearly erroneous. Gordon, 895 F.2d at 938.
 
 
 7
 Accordingly, the decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.